Filed 1/29/16  Sabado v. Gaylord CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ELEANOR SABADO,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KEVIN JAMES GAYLORD,<br><br>    Defendant and Appellant. | B261926<br><br>(Los Angeles County<br>Super. Ct. No. SQ006689) |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa Hart Cole, Judge.  Reversed with instructions.

Tabatabai & Blonstein, Farzad Tabatabai and Rema Haddad for Defendant and Appellant.

Tanya Dellaca for Plaintiff and Respondent.

## I.  INTRODUCTION

This appeal involves the application of former Family Code[1] section 243, subdivision (d) to a continuance request made during an initial appearance in a restraining order case.  (Stats. 2010, ch. 135, § 156.)  Effective January 1, 2016, sections 243 and 245 were amended to address questions concerning continuances during an initial appearance in a restraining order case.  (Stats. 2015, ch. 411, §§ 5-6.)  Unless otherwise indicated, all references to section 243 are to the statute in effect in 2014 and 2015.

Defendant, Kevin James Gaylord, appeals from a restraining order issued against him.  Plaintiff, Eleanor Sabado, filed a restraining petition naming defendant.  She alleged defendant was stalking her.  Plaintiff served defendant with the restraining order notice pursuant to section 243, subdivision (b), six days prior to the noticed hearing.  At the restraining order hearing, defendant requested a continuance under section 243, subdivision (d).  Defendant's continuance request was denied.  Following testimony from plaintiff and defendant, the trial court found in her favor and issued the restraining order.

Defendant asserts the trial court committed reversible error as a matter of law because a continuance under section 243, subdivision (d) is mandatory.  We agree with defendant that he was entitled to a mandatory continuance under Family Code section 243, subdivision (d).  Upon remittitur issuance, defendant shall be entitled to a new trial under the circumstances we will describe.

## II.  BACKGROUND

Prior to the present action, on May 15, 2013, plaintiff successfully obtained a domestic violence restraining order against defendant.  The restraining order trial was

---

[1]     Future statutory references are to the Family Code.

2

uncontested. This permanent restraining order was eventually rescinded in August 2014 because defendant was not properly served with the necessary papers.

On November 18, 2014, plaintiff filed another petition for a domestic violence restraining order against defendant. According to the petition: plaintiff and defendant had dated; plaintiff experienced extreme emotional distress, anxiety and fearfulness because of defendant; and there were repeated acts of stalking, vandalism and harassment directed at plaintiff and her family. She sought an order prohibiting defendant from harassing, stalking and contacting her. Plaintiff also wanted him to stay at least 100 yards away from her two children. Plaintiff submitted a sworn declaration in support of her restraining order request. A commissioner issued a temporary restraining order on November 18, 2014, which was to remain in effect until the restraining order hearing.

On December 9, 2014, the restraining order hearing was held. Both plaintiff and defendant were sworn as witnesses prior to the hearing. Prior to any witness examination, defendant, appearing in propria persona, sought a continuance. Defendant stated, "I was hand served, like, six days ago." Defendant stated, "I have an attorney in Downtown L.A. that has two hearings. . . ." Plaintiff's counsel affirmed defendant had been served on December 3, 2014. Defendant sought a continuance to depose plaintiff. Defendant asserted he had a bad back injury over the Thanksgiving weekend and said, "I haven't had a chance to really see an attorney, no less retain one. . . ." Defendant contended he was unable to bring the petition and the attached documents with him to the hearing because of his injury for which he was receiving chiropractic care. Defendant also wanted time to secure: witnesses; his mother; a former attorney; and exhibits. Prior to the receipt of any testimony in connection with the merits, defendant explicitly cited section 243, subdivision (d) as a ground for a continuance. Defendant's continuance motion was denied.

Plaintiff and defendant both testified. At the end of the hearing, the trial court found plaintiff credible and issued the restraining order. The permanent restraining order, which names plaintiff as a protected person, was issued on December 9, 2014. Also named as protected persons are plaintiff's two children and niece. The order requires

3

defendant to stay 100 yards away from the protected persons. The order also requires defendant to not harass, contact or attempt to obtain the addresses of the protected persons. The order is scheduled to expire on December 31, 2017. Defendant timely appealed.

## III. DISCUSSION

Section 243, subdivision (d) provides: "If service is made under subdivision (b), the respondent may file a response that explains or denies the allegations in the petition. The respondent is entitled, as a matter of course, to one continuance for a reasonable period, to respond to the petition for orders." The parties do not dispute Family Code section 243, subdivision (d) applies. Service was accomplished in compliance with section 243, subdivision (b)[2] thereby triggering the section 243, subdivision (d) continuance right. Defendant asserts the denial of his right to present all his evidence is reversible error. Defendant relies upon *Ross v. Figueroa* (2006) 139 Cal.App.4th 856, 860-869 (*Ross*). We agree that *Ross* is controlling.

In *Ross*, *supra*, the defendant in a domestic violence restraining order petition proceeding appeared in propria persona. (*Ross, supra,* 139 Cal.App.4th at p. 860.) The defendant requested a continuance prior to the petition hearing. The trial court denied the defendant's continuance request. (*Ibid*.) The defendant was not provided the opportunity to testify or present evidence. (*Ibid*.) Section 243, as it was in effect in 2006 when *Ross* was decided, provided that if a temporary restraining order had been issued without prior notice to the defendant: "[T]he respondent is entitled, as of course, to one continuance for a reasonable period, to respond to the application for the order." (Stats. 2000, ch. 90, § 1, p. 1331; *Ross, supra,* 139 Cal.App.4th at p. 862, fn. 5.) The Court of Appeal

---

[2]    Section 243, subdivision (b) states: "If a petition under this part has been filed, the respondent shall be personally served with a copy of the petition, the temporary order, if any, and the notice of hearing on the petition. Service shall be made at least five days before the hearing."

4

concluded, "The [trial] court simply lacked the discretion to deny [the defendant] the continuance he requested because he was entitled to it as a matter of right . . . ." (*Id.* at p. 864.) The Court of Appeal reversed and remanded for a new hearing. (*Id.* at p. 869.) The current version of section 243 provides defendant with a continuance solely if he was served under section 243, subdivision (b). Defendant was entitled to a continuance as a matter of law. The trial court lacked discretion to deny a continuance under the circumstances. (*Ross, supra,* 139 Cal.App.4th at p. 864.) There is no merit to plaintiff's prejudice contention. The denial of defendant's continuance request denied him the right to counsel and to secure witnesses. This analysis is particularly pronounced in light of the fact that defendant had only six days' notice of the petition's allegations and proceedings.

As in *Ross*, we reverse the permanent restraining order. No issue has been raised concerning the temporary restraining order which was to remain in effect pending the hearing on the request for permanent injunctive relief. Thus, as in *Ross*, pending remittitur issuance, the permanent restraining order is to remain in full force and effect. (*Ross, supra,* 139 Cal.App.4th at p. 869.) Upon remittitur issuance, the permanent order is to be set aside and, if requested by plaintiff, the dispute retried. The temporary restraining order shall remain in full force and effect for 90 days following remittitur issuance unless otherwise ordered by the trial court. Absent good cause, the trial court is to hold the retrial within 30 days of any request for retrial. The securing of a retrial date may be accomplished by an ex parte or noticed motion to that effect.

5

## IV. DISPOSITION

The December 9, 2014 order is reversed. Upon remittitur issuance, the trial court is to proceed as discussed in the immediately preceding paragraph. The parties are to bear their own costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

KRIEGLER, J.

BAKER, J.

6